[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that the respondent improperly deprived him of prospective good time. The facts are not in dispute. The petitioner in August of 1994 was placed on Administrative Segregation status in a Special Management Unit for alleged assaults on Correction officers. He was likewise criminally prosecuted which resulted in a hung jury. Upon retrial he pleaded out receiving one year CT Page 2858 sentences for each assault on the respective Correction officers. He was released from Administrative Segregation on July 10, 1996. During the Segregation status he received no statutory good time. His claim is that such deprivation of good time is a forfeiture of prospective good time in violation of C.G.S. § 18-72a(c). Nichols v. Warren, 209 Conn. 191, 196-8.
"According to the plain language of § 18-7a(c), the commissioner may award good time credits at his discretion."Nichols v. Commissioner of Correction, 43 Conn. App. 176, 180cert. denied 239 Conn. 937 (1996). "Nichols does not conclude that § 18-7a(c) compels the automatic award of good time credits, but rather concludes that once an inmate has become eligible to earn statutory credits, such credits cannot be surrendered before they are earned. We therefore conclude that § 18-7a(c) does not give the petitioner a liberty interest in good time credits he has not yet earned." Id., 181.
For the above reasons the petition is dismissed.
Corrigan, J.T.R.